(No. 2400—)

DONALDA ELIZABETH MORRISON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1935.*

DONALDA ELIZABETH MORRISON, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant herein seeks an award of Six Hundred Fifteen and 34/100 Dollars ($615.34) for injuries sustained by her on March 11, 1934. The complaint avers that on that date she

was employed by the State of Illinois as Director of the Health Service for the State Teachers' College at DeKalb, Illinois; that she was enroute from performing duties as Director of the Health Service to the performance of duties as Director of the Dining Room Service, and was going from her clinic in the administration building to the college dormitory; that as she walked down the west stairway on the second floor of the administration building, a portion of the marble slab on the top step became loose from its position by her stepping upon same, causing her to fall eight or ten steps, thereby injuring her spine and causing her pain and suffering from March 11, 1934, to April 26, 1934—and causing her to expend for medical, hospital and nursing fees a total of Six Hundred Fifteen and 34/100 Dollars ($615.34).

Claimant's wages were One Hundred Eighty Dollars ($180.00) per month for eleven months per year. Her duties listed in detail in her complaint were, in general, to organize and supervise the physical condition of Freshmen students, to maintain a clinic for such purpose and in addition to her supervisory duties as a nurse, to examine and supervise the preparation of foods for the students.

Under an amendment to her complaint, claimant represents that the buildings owned and controlled by the State at DeKalb, known as the Northern Illinois State Teachers' College, include a three-story brick building, known as the administration building; a four-story brick building with elevators and fire escapes, known as Williston Hall and several other buildings; all heated by a central steam heating plant located in the administration building; that certain statutes and ordinances in existence at the time of the accident required the maintenance of fire escapes in a portion of these buildings and also specified certain provisions in regard to the construction thereof.

The only question involved is whether plaintiff's claim comes within the provisions of the Workmen's Compensation Act.

Under the facts stated and from a consideration of such facts and the cases and statutes cited, plaintiff is apparently entitled to an award and same is recommended in the sum of Six Hundred Fifteen and 34/100 Dollars ($615.34).